BOYCE et al. v. LAMBECK & BETZ EAGLE BREWING CO. et al.

(Supreme Court, Appellate Term. June 28, 1899.)

APPEAL—SUFFICIENCY OF EVIDENCE.
    A judgment on conflicting evidence will be affirmed, if it does not appear that injustice has been done.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by George P. Boyce and another against the Lambeck & Betz Eagle Brewing Company and another. Judgment for defendants, and plaintiffs appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

Willis P. Dowd, for appellants.

FREEDMAN, P. J. This action was brought to recover for the alleged conversion of personal property. The following facts appear to be undisputed: The plaintiffs are importers of linen goods. In the fall of 1898, one Somers, who was then fitting up or carrying on a hotel in this city, known as the "Tivoli," ordered a quantity of goods of the plaintiffs of the value of $659.98, which were delivered to him at that place. At this time the defendant Ackron was in the employ of Somers. Soon after the Tivoli was opened, Somers disappeared, and the defendant Ackron went into possession of the hotel. The plaintiffs thereupon brought an action in replevin against Somers to recover possession of the goods sold, and under the process issued in that action obtained a portion of their property. The present action was brought against these defendants to recover for the balance of the goods not obtained in the replevin action. In this action the defendant the brewing company, although it held a chattel mortgage covering all the property owned by Somers contained in the Tivoli, entered into a stipulation with the plaintiffs, in which it released to the plaintiffs all its claim under such mortgage, and it was conceded that the brewing company had removed none of the property claimed by the plaintiffs from the hotel. There was testimony on the part of the plaintiffs to the effect that there was some of the goods in question in the Tivoli after the defendant Ackron took possession, but the testimony on the part of the defendants went to show that all the goods claimed by the plaintiffs that were in the hotel when Ackron took possession had been delivered to the sheriff under the replevin process, and that Ackron allowed the officer free access to all the rooms, and to make full and complete search of the premises for the property; and Ackron positively denied that he ever had possession of the goods, or exercised any control or dominion over them. Upon the question of fact thus raised the trial judge found in favor of the defendants, and, it not appearing that injustice has been done, the judgment must be affirmed, with costs. All concur.